RAMÓN LÓPEZ, Plaintiff and Appellee, *v.* J. F. CORTÉS, Defendant and Appellant.

No. 3864.   Argued April 5, 1926.—Decided June 26, 1926.

*F. Soto Gras* for the appellant.   *Carmelo Honoré* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moved for dismissal of the appeal on the ground that the notice was filed too late.

In fact the clerk's certificate accompanying the motion for dismissal showed that the judgment appealed from was entered on February 3, 1926; that notice thereof was given on February 4, 1926; that notice of appeal was filed on March 8, 1926, and that, therefore, 32 days, or more than a month, the time granted by law for an appeal, had elapsed.

The appellant admitted that fact, but maintained that March 6, 1926, when the statutory period expired, was a Saturday and he was sick, for which reason he could not

sign the notice until it was brought to him by his clerk on that afternoon; that due to these facts no notice could have been served on the plaintiff's attorney, Carmelo Honoré, because he practices his profession and is also a government employee having his professional office at the office where he works as such government employee, which was closed on the said Saturday afternoon, and that for the same reason it would have been impossible for him to purchase the internal revenue stamp required by law to be affixed to the notice, wherefore he decided to file the notice in question at the first available opportunity, which was Monday March 8, 1926.

A bitter dispute arose on account of the reference to the practice of law by the attorney for the appellee, and a certain affidavit of the said attorney was stricken out and substituted by another. This dispute was also raised at the trial, but whatever our opinion may be of this matter, it can not affect the decision of the question involved herein.

■ Although the custom of closing government offices during Saturday afternoons has been established, Saturday afternoons are not legal holidays. Perhaps that fact should be taken into consideration in the exercise of discretion in a proper case, but when a jurisdictional period is involved it is otherwise. It seems proper to say that the parties have not cited, nor have we been able to find, any jurisprudence relative to the effect that the custom of closing public offices on Saturday afternoons may have in a matter of this kind.

■ For the foregoing reason, and as it appears moreover from his own affidavit considered as a whole that the appellant took no step on said Saturday afternoon to file the notice of the appeal with the clerk of the court, but relied on his own presumption that he could do nothing, and on his interpretation of the law, we feel bound to sustain the motion and dismiss the appeal.